UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————————————x
                    :

IN RE MERCATOR SOFTWARE, INC.       :     Master File No.
SECURITIES LITIGATION,           :     3:00-CV-1610 (GLG)

                    :

-------------------------------------------------------  :

                    :

This Document Relates to:          :
All Actions                    :

                    :

———————————————————————————————x

## MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

**PLEASE TAKE NOTICE,** that, upon the annexed affidavits of D. Lee Janvrin, of

Gilardi & Co. LLC, the Claims Administrator, and Sanford P. Dumain of Milberg Weiss Bershad

Hynes & Lerach LLP, one of Plaintiffs' Co-Lead Counsel, and the exhibits thereto and upon all

prior proceedings herein, the undersigned hereby move this Court for an Order pursuant to Rule

23(e) of the Federal Rules of Civil Procedure (i) approving the administrative determination of

Gilardi & Co. LLC accepting and rejecting claims submitted herein; (ii) directing payment of

$136,392 out of the Settlement Fund to Gilardi & Co. LLC for its fees and expenses in

connection with the administration of the Settlement, giving notice to the Class, processing the

Proofs of Claim, and distributing the Net Settlement Fund to the Authorized Claimants; (iii)

directing payment of $3,500 out of the Settlement Fund to the Certified Public Accounting firm

of Eisner LLP, the tax accountants for the Settlement Fund, for its fees and expenses incurred

and to be incurred in connection with services performed and to be performed with respect to

preparing tax returns for the Settlement Fund for the years 2002 and 2003; (iv) directing

distribution of the Net Settlement Fund, after deduction of the payments requested herein, to

Class Members whose Proofs of Claim have been accepted; (v) authorizing destruction of paper

copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and

authorizing destruction of electronic copies of claim records three years after distribution of the

Net Settlement Fund; and (vi) for such other and further relief as this Court deems appropriate.

    WHEREFORE, Plaintiffs respectfully request that the Court enter an Order in the form of

the proposed Order Re: Distribution of Class Settlement Fund annexed hereto as Exhibit A.

    Plaintiffs do not request oral argument.

Dated:       November 7, 2003

                                THE PLAINTIFFS

                                By: _____
                                  Margaret E. Haering (CT10818)
                              **HURWITZ & SAGARIN, LLC**
                              147 North Broad Street
                              P.O. Box 112
                              Milford, Connecticut 06460-0112
                              Telephone: (203) 877-8000
                              Facsimile: (203) 878-9800

                              **Plaintiffs' Co-Liaison Counsel**

                              **SCHATZ & NOBEL, P.C.**
                                Andrew M. Schatz
                                Jeffrey S. Nobel
                              330 Main Street, Second Floor
                              Hartford, Connecticut 06106-1851
                              Telephone: (860) 493-6292
                              Facsimile: (860) 493-6290

                              **Plaintiffs' Co-Liaison Counsel**

                              **MILBERG WEISS BERSHAD
                              HYNES & LERACH LLP**
                              Sanford P. Dumain
                              One Pennsylvania Plaza
                              New York, New York 10119-0165
                              Telephone: (212) 594-5300
                              Facsimile: (212) 868-1229

                              **Plaintiffs' Co-Lead Counsel**

**SCHIFFRIN & BARROWAY, LLP**
    David Kessler
    Katie Ryan
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Plaintiffs' Co-Lead Counsel**

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
    Jeffrey Haber
    Joseph Seidman
10 East 40th Street
New York, New York 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

**Plaintiffs' Co-Lead Counsel**

TO:      William L. Prickett, Esq.
            Kevin J. Cloherty, Esq.
            Dawn M. Perlman, Esq.
            Alison V. Douglass, Esq.
            **TESTA, HURWITZ & THIBEAULT, LLP**
            125 High Street
            Boston, Massachusetts 02110
            Telephone: (617) 248-7000
            Facsimile: (617) 248-7100

            Gene Winter, Esq.
            **St. ONGE, STEWARD, JOHNSTON & REENS, LLC**
            986 Bedford Street
            Stamford, Connecticut 06905
            Telephone: (203) 324-6155
            Facsimile: (203) 327-1096

            **Attorneys for Defendants Mercator Software, Inc. and Constance F. Galley**

            Shaun S. Sullivan, Esq.
            James H. Bicks, Esq.
            William J. Kelleher III, Esq.
            **WIGGIN & DANA LLP**
            400 Atlantic Street, 7th Floor
            Stamford, Connecticut 06911
            Telephone: (203) 363-7600
            Facsimile: (203) 363-7676

            **Attorneys for Defendant Ira Gerard**

3

Exhibit A

Case 3:00-cv-01610-GLG    Document 79    Filed 11/10/2003    Page 4 of 8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————————x
                                       :

IN RE MERCATOR SOFTWARE, INC.      :    Master File No.
SECURITIES LITIGATION,               :    3:00-CV-1610 (GLG)

                                         :
-------------------------------------------------------  :
                                         :

This Document Relates to:          :
All Actions                     :

                                         :
———————————————————————————x

## ORDER RE:  DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS,** on December 20, 2002, this Court entered an Order of Final Approval,

Settlement Fairness, Final Judgment and Order of Dismissal approving the terms of the

Stipulation of Settlement, Compromise, and Dismissal dated October 22, 2002 (the

"Stipulation") in the above-referenced class action; and

**WHEREAS,** this Court has directed the parties to consummate the terms of the

Stipulation; and

**WHEREAS,** this Court has retained jurisdiction of this Action for the purpose of

considering any further application or matter which may arise in connection with the

administration and execution of the Settlement and the processing of Proofs of Claim and the

distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE,** upon reading and filing the affidavit of D. Lee Janvrin of Gilardi

& Co. LLC, the Claims Administrator, the affidavit of Sanford P. Dumain of Milberg Weiss

Bershad Hynes & Lerach LLP, one of Plaintiffs' Co-Lead Counsel, and upon all prior

proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of D. Lee Janvrin, including claims submitted after January 27, 2003 up until October 29, 2003, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of D. Lee Janvrin be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Gilardi & Co. LLC be paid the sum of $136,392 from the Settlement Fund for its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notice to the Class, processing the Proofs of Claim, and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

**ORDERED**, that the Certified Public Accounting firm of Eisner LLP, the tax accountants for the Settlement Fund, be paid the sum of $3,500 from the Settlement Fund for its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the taxation of the Settlement Fund herein for the years 2002 and 2003; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of D. Lee Janvrin in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

2

**ORDERED**, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after appropriate efforts have been made to have the eligible claimants cash their checks, Plaintiffs' Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to eligible claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted

3

herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net

Settlement Fund are released and discharged from any and all claims arising out of such

involvement, and all Class Members, whether or not they are to receive payment from the Net

Settlement Fund are barred from making any further claim against the Net Settlement Fund or

the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard

copies of the Proof of Claim forms and supporting documents not less than one year after the

initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic

media data not less than three years after the initial distribution of the Net Settlement Fund to the

eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter

which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after October 29, 2003 may be accepted for any

reason whatsoever.

Dated:          Waterbury, Connecticut
                 _____, 2003
                                                        **BY THE COURT:**


                                           _____
                                           United States District Judge

4