UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————————————x
                       :

IN RE MERCATOR SOFTWARE, INC.     :     Master File No.
SECURITIES LITIGATION,            :     3:00-CV-1610 (GLG)

                       :
--------------------------------------------------------  :
                       :

This Document Relates to:          :
All Actions                    :

                       :
——————————————————————————x

**AFFIDAVIT OF SANFORD P. DUMAIN**
**IN SUPPORT OF MOTION FOR**
**DISTRIBUTION OF CLASS SETTLEMENT FUND AND OTHER RELIEF**

STATE OF NEW YORK    )
                    ) SS.:
COUNTY OF NEW YORK  )

      SANFORD P. DUMAIN, being first duly sworn, deposes and says:

      1.      I am a member of the firm of Milberg Weiss Bershad Hynes & Lerach LLP, Co-

Lead Counsel for Plaintiffs in the above-referenced class action (the "Class Action"). The

settlement of the Class Action produced a Settlement Fund which is to be distributed to Class

Members who have submitted Proof of Claim forms. I make this affidavit in support of

Plaintiffs' motion for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (i)

approving the administrative determinations of the Claims Administrator, Gilardi & Co. LLC,

accepting and rejecting claims submitted herein; (ii) directing payment of $136,392 out of the

Settlement Fund to Gilardi & Co. LLC for its fees and expenses in connection with giving notice

to the Class, the processing of claims and distribution of the Settlement Fund; (iii) directing

payment of $3,500 out of the Settlement Fund to the Certified Public Accounting firm of Eisner

LLP, the tax accountants for the Settlement Fund, for its fees and expenses incurred and to be

incurred in connection with services performed and to be performed with respect to preparing tax returns for the Settlement Fund for the years 2002 and 2003; (iv) directing distribution of the Net Settlement Fund, after the deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; and (v) authorizing and directing a re-distribution of unclaimed/uncashed monies in the Net Settlement Fund, if any remains one year after the initial distribution, and after appropriate efforts have been made to locate and distribute funds to accepted claimants who do not cash their distribution checks, with such remainder to be re-allocated to accepted Class Members who have cashed their checks, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund.

2.      Pursuant to an order of this Court dated October 30, 2002, this Action was certified to proceed as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the purposes of the settlement described herein.  The Class was defined as all persons and entities who purchased Mercator Software, Inc. ("Mercator") stock during the period April 20, 2000 through August 21, 2000, inclusive.  All such persons are hereinafter referred to as "Class Members" or the "Class."

## ADMINISTRATIVE DETERMINATIONS ACCEPTING OR REJECTING CLAIMS

3.      Under the terms of the Stipulation of Settlement, Compromise, and Dismissal dated October 22, 2002 (the "Stipulation"), a $8,200,000 Settlement Fund was established for the settlement of the class claims asserted against the Defendants.  The Settlement Fund, less attorneys' fees and expenses previously awarded and less administration costs, (the "Net Settlement Fund") is to be distributed to all eligible claimants whose claims have been accepted in proportion to the Recognized Claim attributable to the eligible claimants.

4.     Class Members were required to submit Proof of Claim forms to share in the distribution of the Net Settlement Fund. This Court has reserved jurisdiction with respect to the administration of the settlement, and the distribution of the Net Settlement Fund.

5.     Plaintiffs retained the firm of Gilardi & Co. LLC to mail and publish notice to the Class, to act as the Claims Administrator, and to process the Proofs of Claim submitted in the Class Action and to assist in the distribution of the Net Settlement Fund. The processing procedures and the basis of the distribution are described in the affidavit of D. Lee Janvrin (the "Janvrin Affidavit"), filed simultaneously herewith. As shown therein, Gilardi & Co. LLC performed a thorough review of each claim submitted, and Plaintiffs respectfully request that this Court enter an Order approving the determinations of Gilardi & Co. LLC accepting and rejecting the claims submitted herein.

6.     Approximately 113 claims were received after the January 27, 2003 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, when it was submitted while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the January 27, 2002 deadline because of lateness.

7.     However, there must be a final cut-off after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after the date of this application would necessarily require a

3

delay in the distribution. Accordingly, it is also respectfully requested that an Order be entered that no claim submitted after October 29, 2003, a date during the preparation of this application, be accepted for any reason whatsoever.

8.    It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAX ACCOUNTANT

9.    Pursuant to the Stipulation, and as described to members of the Class in the "Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund," Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. In addition, in this Court's Order of Final Approval, Settlement Fairness, Final Judgment and Order of Dismissal dated December 20, 2002, the Court retained "continuing jurisdiction to order the performance of the Settlement, including, but not limited to, the approval or rejection of claims, and the distribution of the Settlement Fund in accordance with the Settlement and any further order."

10.    Plaintiffs request that the Court authorize payment of $136,392 to Gilardi & Co. LLC in final payment of its fees and all its expenses for its services in mailing and publishing notice to the Class, processing the claims, and distributing the Net Settlement Fund to accepted claimants, as requested in the Janvrin Affidavit.

11.    Plaintiffs also request that the Court authorize payment of $3,500 to the Certified Public Accounting firm of Eisner LLP, the tax accountants for the Settlement Fund, for its services rendered in connection with determining the estimated and annual tax obligations of the

Settlement Fund and for preparing the tax returns for the Settlement Fund for the years 2001 and

2002 and for its services which will be required for preparing the tax returns for 2003. Annexed

hereto as Exhibit A is a copy of its invoice for these services.

12.    Plaintiffs' Counsel are not requesting any additional attorneys' fees or expenses at

this time.

## DISTRIBUTION OF NET SETTLEMENT FUND

13.    It is also respectfully requested that the Court enter an Order authorizing

distribution of the balance of the Settlement Fund after the deduction of the fees and expenses

previously awarded and requested herein (the "Net Settlement Fund") to the Class Members

whose claims have been accepted as listed on the computer printout of accepted claims submitted

with the Janvrin Affidavit in proportion to their Recognized Claim as shown therein.

14.    In order to allow the final distribution of the Net Settlement Fund it is necessary

to bar any further claims against the Net Settlement Fund and to provide that all persons involved

in the review, verification, calculation, tabulation, or any other aspect of the processing of the

claims submitted herein, or otherwise involved in the administration or taxation of the Settlement

Fund or the Net Settlement Fund be released and discharged from any and all claims arising out

of such involvement beyond the amount allocated to them.

## DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

15.    The Plan of Allocation for the Net Settlement Fund set forth in paragraph 38 of

the Notice provides:

Checks will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If after six months following such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

The Order of Final Approval, Settlement Fairness, Final Judgment and Order of Dismissal, at paragraph 11, approved the Plan of Allocation.

16.    It may be expected that not all of the 1,607 checks to be distributed to accepted Class Members will be cashed promptly.  In order to encourage Class Members to promptly cash their checks and to avoid or reduce future expenses relating to unpaid checks, we propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."

17.    The proposed Order Re:  Distribution of Class Settlement Fund provides that, if funds remain in the Net Settlement Fund after the initial distribution, then a re-distribution shall be made in accordance with the Plan of Allocation.

## CONCLUSION

18.    Wherefore it is respectfully submitted that this motion should be granted in all respects.  A proposed form of Order reflecting the requests herein is annexed to the Motion as Exhibit A.

_____
Sanford P. Dumain

Sworn  to before me this _____
day of November, 2003

_____
Notary Public

KELLY A. STADELMANN
Notary Public, State of New York
No. 01ST6047260
Qualified in Nassau County
Commission Expires August 28, 2002



Exhibit A

# Eisner



**Celebrating**
**40**
Extraordinary
Years

Eisner LLP
Accountants and Advisors

750 Third Avenue
New York, NY 10017-2703
Tel 212.949.8700   Fax 212.891.4100

Mercator
Securities Litigation Settlement Fund
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York , NY 10119
Attn: George A. Bauer III, Esq.

100 Campus Drive
P.O. Box 944
Florham Park, NJ 07932-0944
Tel 973.593.7000   Fax 973.593.7070
www.eisnerllp.com

Invoice:    253510

November 6, 2003    For services rendered in connection with the preparation of the federal
tax returns for the years ended December 31, 2002 and 2003

Amount due                                                        $3,500.00

**Federal ID# 13-1639826**

**Please return this portion with payment**

**Reference#:** 217586                   **Invoice Amount**                **$3,500.00**

**Invoice:**    253510                    **Amount Paid**

**Please Remit To:**                                          Wiring Instructions:
                                                              Fleet National Bank
                                                              1185 Avenue of The Americas
**Eisner LLP**                                                New York, NY 10036
**750 Third Avenue**                                          Routing # 021200339
**New York, NY 10017-2703**                                   Account # 94035 34833