UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE MERCATOR SOFTWARE, INC. SECURITIES LITIGATION | : : : : | Master File No.: 3:00-CV-1610 (GLG) |
| This Document Relates to: All Actions | : : : | |

### AFFIDAVIT OF D. LEE JANVRIN
### IN SUPPORT OF MOTION FOR
### DISTRIBUTION OF CLASS SETTLEMENT FUND

STATE OF CALIFORNIA   )
                            ) SS
COUNTY OF MARIN       )

     D. LEE JANVRIN, being first duly sworn, deposes and says:

     1.     I am employed with the firm of Gilardi & Co. LLC. Plaintiffs' Counsel retained

Gilardi & Co. LLC to act as the Claims Administrator herein to mail copies of the Notice and

Proof of Claim form to Class Members, to cause the publication of a summary notice to the

Class, to process all claims submitted by Class Members in this action, and to distribute the Net

Settlement Fund to Authorized Claimants. I make this affidavit in support of Plaintiffs'

application for an Order (a) approving the administrative action taken by my firm in accepting

and rejecting the claims submitted by claimants herein; (b) directing payment to Gilardi & Co.

LLC of its fees and expenses in connection with the services performed and to be performed in

giving notice to the Class, in the processing the Proofs of Claim, and the administration and

distribution of the Settlement Fund; (c) directing distribution of the Net Settlement Fund to

eligible claimants whose claims have been accepted; and (d) authorizing destruction of paper

copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and

authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

## Procedures Followed in Accepting and Rejecting Claims

2.     Under the terms of the Stipulation of Settlement, Compromise, and Dismissal dated October 22, 2002, Class Members were required to submit a Proof of Claim form in order to obtain their share of the Net Settlement Fund.

3.     The procedure followed by my firm in processing the claims was to receive all correspondence and claims submitted in this matter from Post Office Box 8040, San Rafael, California 94912-8040. Envelopes received from the Post Office Box were opened and sorted into correspondence, such as requests for claim forms, and actual Proof of Claim forms. The correspondence received was reviewed and appropriate responses given. The claim forms were opened and all submitted documentation was stapled to the claim form, and the claim form was assigned a claim number. The information from each claim form, including the name, address, Employer I.D. or Social Security Number of the claimant, and the purchase and sales transactions listed on the claim were then entered into a computerized data base. The documentation provided in support of each claim by the claimant was reviewed to ascertain whether the claimant had in fact purchased Mercator Software, Inc. ("Mercator") stock during the period April 20, 2000 through August 21, 2000, inclusive. Claims were then reviewed to be sure they were not from the Defendants, members of the immediate families (parents, spouses, siblings, and children), any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors-in-interest, or assigns of any excluded party to the extent that the identities of such persons or entities are known to us through the list of defendants and

2

through the claimant's certification on the Proof of Claim form. Claims were also reviewed against the list of persons who requested exclusion.

4.     Where a submitted claim lacked the required information or documentation to substantiate the Class Member's transactions during the Class Period, or was otherwise ineligible, a letter was sent to the claimant advising him or her of the deficiency and requesting the submission of the appropriate documentary evidence or correction of the defect. Attached hereto as Exhibit A are copies of the forms of letters used to notify claimants of the deficiency in their claim.

5.     Where a deficiency letter was sent, each claimant was notified that unless the deficiency was corrected within twenty (20) days, his or her claim would be accepted only to the extent of the documentation supplied, or that the claim would be entirely rejected if they had not supplied the required documentation or information for any transactions.

6.     Claimants who submitted claims which showed that they were ineligible to participate in the settlement (for example, where their claim showed that they had suffered no loss from their purchases of Mercator stock during the Class Period) were sent a Rejection Letter. The Rejection Letter, samples of which are attached hereto as Exhibit B, advised the claimant of his right to request this Court's review of our administrative determination rejecting the claim. The letter stated that the claimant could request this Court's review of the rejection of their claim by submitting a statement in writing setting forth the reasons why they believe that the claim was adequately submitted. No claimants have outstanding requests for this Court's review of the rejection of their claims.

7.    Claims which were properly submitted and supported with adequate documentary evidence were recognized on the basis of the following "Recognized Claim" formula as stated in the Plan of Allocation in the Notice and as previously approved by the Court:

"Recognized Claims" were calculated for purposes of the Settlement as follows:

A.    For shares of Mercator stock <u>purchased during the period April 20, 2000 through July 14, 2000, inclusive, and</u>

(1)    <u>Sold at a loss on or before July 14, 2000</u> an Authorized Claimant's "Recognized Claim" meant 10%[1] of the *lesser* of: (a) $36.44 per share, or (b) the difference, if a loss, between the purchase price (including commissions, etc.) and the sales proceeds received (net of commissions, etc.): plus

(2)    <u>Sold at a loss during the period July 17, 2000 through and including prior to the announcement on August 15, 2000</u> an Authorized Claimant's "Recognized Claim" meant the *lesser* of: (a) $36.44 per share, plus 10% of the difference, if a loss, between (x) $26.1875 per share and (y) the sales proceeds received (net of commissions, etc.), *or* (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.): plus

(3)    <u>Sold at a loss during the period after the announcement on August 15, 2000 through and including the close of trading on August 21, 2000</u> an Authorized Claimant's "Recognized Claim" meant the *lesser* of: (a) $49.44 per share, plus 10% of the difference, if a loss, between (x) $16.00 per share, and (y) the sales proceeds received (net of commissions, etc.), *or* (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.): plus

(4)    <u>Held as of the close of trading on August 21, 2000</u> an Authorized Claimant's "Recognized Claim" meant the lesser of: (a) $52.44 per share, or (b) the purchase price (including commissions, etc.) less $13.765 per share.

B.    For shares of Mercator stock <u>purchased during the period July 17, 2000 through and including prior to the announcement on August 15, 2000, and</u>

(1)    <u>Sold at a loss on or before prior to the announcement on August 15, 2000</u> an Authorized Claimant's "Recognized Claim" meant 10% of the *lesser* of: (a) $13.00

---

This discount reflects the contention that if the alleged misstatements and omissions allegedly caused an artificial inflation in the price of Mercator stock during this period, then the same alleged misstatements were in effect at the time of sale, and any loss that the claimant may have incurred during this period was not causally related to such alleged misstatements or omissions.

4

per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.): plus

(2)    Sold at a loss during the period after the announcement on August 15, 2000 through and including the close of trading on August 21, 2000 an Authorized Claimant's "Recognized Claim" meant the *lesser* of: (a) $13.00 per share plus 10% of the difference, if a loss, between (x) $16.00 per share, and (y) the sales proceeds received (net of commissions, etc.), *or* (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.): plus

(3)    Held as of the close of trading on August 21, 2000 an Authorized Claimant's "Recognized Claim" meant the lesser of: (a) $16.00 per share, or (b) the purchase price (including commissions, etc.) less $13.765 per share.

C.    For shares of Mercator stock purchased during the period after the announcement on August 15, 2000, through and including August 21, 2000 and

(1)    Sold at a loss before the close of trading on August 21, 2000 an Authorized Claimant's "Recognized Claim" meant 10% of the *lesser* of: (a) $3.00 per share or (b) the difference, if a loss, between the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.): plus

(2)    Held as of the close of trading on August 21, 2000 an Authorized Claimant's "Recognized Claim" meant the lesser of: (a) $3.00 per share, or (b) the purchase price (including commissions, etc.) less $13.765 per share.

Purchases during the Class Period were matched against sales during the Class Period on a First In during the Class Period, First Out During the Class Period basis. Transactions resulting in a gain were not included.

8.    Approximately 113 claims were postmarked later than January 27, 2002, the submission deadline stated in the Notice of Settlement. All such claims were accepted subject to such other deficiencies as were determined to exist. We believe that no delay in the processing or distribution of the Settlement Fund resulted from the provisional acceptance of these claims due to the time required to process the timely submitted claims. Accordingly, we respectfully request the Court approve our determination and the determination of counsel to accept these claims. These claims are included in the list of accepted claimants.

9.    A total of 1,892 persons or entities have submitted claims herein, of which a total of 1,607 have been accepted.

10.    A total of 285 claimants were rejected for the following reasons:

| No. of Claims | Code | Reason for Rejection |
|---|---|---|
| 79 | P | Outside Class Period |
| 59 | M | Duplicate Claim |
| 3 | D | No Documentation |
| 51 | N | Claim Form Incomplete, No Purchases Listed |
| 92 | G | No Loss Realized Per the Plan of Allocation |
| 1 | W | Claimant Excluded Self from Class |

11.    1,607 claims have been accepted representing a total Recognized Claim of $155,451,276.

12.    Submitted herewith as Exhibit C is a computer printout listing all the claims submitted herein.  The first portion of the printout alphabetically lists all the accepted claimants and shows their Recognized Claim.  The next portion of the printout alphabetically lists all the rejected claimants and shows the code number corresponding to the reason why such claims were rejected.

13.    Gilardi & Co. LLC has spent the time necessary to do a thorough job of processing the claims and to protect the interests of each Class Member submitting a claim.  No claims were rejected out-of-hand and adequate time was spent communicating with Class Members and suggesting appropriate ways they could document their claims and participate in the settlement.  Telephone calls and written letters from claimants to Gilardi & Co. LLC were

courteously handled. Class Members were assisted to the fullest extent possible. The professional attitude and work product of Gilardi & Co. LLC was, I believe, the highest quality.

14.    It is respectfully requested that the Court enter an Order approving the above determinations accepting and rejecting the claims submitted herein.

## Fees and Disbursements

15.    Gilardi & Co. LLC originally agreed with Plaintiffs' Counsel to process the claims herein in consideration of payment of our standard hourly fees. Our actual hourly fees incurred and to be incurred amount to $59,256, as shown on the invoices annexed hereto as Exhibit D. In our engagement it was also agreed that our out-of-pocket expenses would be reimbursed. Our actual out-of-pocket expenses incurred or expected to be incurred will total $77,136, as also shown on the invoices annexed as Exhibit D. Gilardi & Co. LLC respectfully requests the Court to authorize the payment of the full amount of out-of-pocket expenses incurred. Gilardi & Co. LLC has not received any payment on account from the Settlement Fund. Accordingly there is a balance due of $136,392 payable to Gilardi & Co. LLC.

## Records Retention And Destruction

16.    We request that the Court enter an Order providing that one year after distribution of the Net Settlement Fund we are authorized to destroy the paper copies of the Proof of Claim forms, and three years after distribution of the Net Settlement Fund we are authorized to destroy electronic copies of claim records.

## Conclusion

17.    For the foregoing reasons, it is respectfully requested that this Court enter an Order (1) approving Gilardi & Co. LLC's administrative determinations accepting and rejecting

7

claims as herein set forth; (2) authorizing payment to Gilardi & Co., LLC of a total of $136,392

for its fees and expenses incurred and to be incurred in connection with administering the

Settlement Fund; (3) authorizing distribution of the Net Settlement Fund; and (4) authorizing

destruction of paper copies of Proof of Claim Forms and electronic copies of claim records after

an appropriate time after the distribution of the Net Settlement Fund.

D. Lee Janvrin

Sworn to before me this 3rd.
Day of November, 2003

Notary Public

ROBERT K. GOLDMAN
Commission # 1402554
Notary Public - California
Marin County
My Comm. Expires Feb 24, 2007



Exhibit A

**GILARDI & CO. LLC**
**THE SECURITIES LITIGATION CLAIM CENTER**
**POST OFFICE BOX 990**
**CORTE MADERA, CA 94976-0990**
Tel (415) 461-0410
Fax (415) 461-0412

March 26, 2003



Re:  Mercator Software, Inc. Securities Litigation Claim Nbr.:

Dear Claimant:

We have received your claim and find it to be deficient for the following reason(s). Please return the information requested, along with this letter, within twenty (20) days. A return envelope is provided.

Your claim must include documentation showing trade date, number of shares traded, price per share and total price for all purchases and sales of Mercator Software, Inc. stock, during the period April  20, 2000 through August 21, 2000, inclusive.

*The Claim Center does not have access to your stock records.  If your broker is unable to assist you, your tax records may contain the necessary information.*

Your claim must include documentation of your holding position(s) of Mercator stock as of the CLOSE of business on April 19, 2000.

Your Claim must include documentation of your holding position(s) of Mercator stock as of the CLOSE of business on August 21, 2000.

**Failure to provide the information or documentation noted above within twenty (20) days may result in disqualification of your claim.**

Sincerely,

Securities Litigation Claim Center

**GILARDI & CO. LLC**
**THE SECURITIES LITIGATION CLAIM CENTER**
**POST OFFICE BOX 990**
**CORTE MADERA, CA 94976-0990**
Tel (415) 461-0410
Fax (415) 461-0412

March 26, 2003



Re: Mercator Software, Inc. Securities Litigation Claim Nbr.: 

Dear Claimant:

 We have received your claim and find it to be deficient for the following reason(s). Please return the information requested, along with this letter, within twenty (20) days. A return envelope is provided.

Your claim form was not signed. Please sign the declaration below.

        I declare under the penalties of perjury that I am the Claimant or that I am authorized in writing to make this claim on behalf of Claimant. I also declare under the penalties of perjury that all the information provided above is true, complete and correct.

_____        _____
Date                                    Signature of Owner


_____        _____
Date                                    Signature of Joint Owner (if any)


**Failure to provide the information or documentation noted above within twenty (20) days may result in disqualification of your claim.**

Sincerely,

Securities Litigation Claim Center

Exhibit B

CLAIMS ADMINISTRATION CENTER
POST OFFICE BOX 8040
SAN RAFAEL, CALIFORNIA 94912-8040

July 3, 2003

Claim Nbr: 
Taxpayer ID: 

Re: <u>Mercator Software, Inc. Securities Litigation</u>: Rejection Notice

Dear Claimant:

We have processed your claim in accordance with the Court approved Plan of Allocation for the Mercator Software, Inc. Securities Litigation.

We have determined that you have no Net Allowable Loss due to the following reason(s):

> You did not purchase any Mercator Software Inc. common stock during the class period, April 20, 2000 through August 21, 2000 inclusive.

Based upon the statement as set forth above, we will recommend to the Court that your claim be DISALLOWED and REJECTED.

If you think the above determination by the Claims Administrator is incorrect, you may request Court Review of the administrative determination within 20 days of the date of this letter, by sending a statement in writing asking for a "Court Review", and setting forth the reasons that you believe the administrative determination is incorrect. Your written statement will thereafter be submitted to the Court for consideration. Requests for Court Review should be submitted on or before July 23, 2003 and should be addressed to:

<u>Mercator Software, Inc. Securities Litigation</u>
Attn: Sandra Butler
P. O. Box 8040
San Rafael, CA  94912-8040

Very truly yours,

Claims Administration Center

CLAIMS ADMINISTRATION CENTER
POST OFFICE BOX 8040
SAN RAFAEL, CALIFORNIA 94912-8040

July 3, 2003



Claim Nbr: ███████████
Taxpayer ID: ███████████

Re: <u>Mercator Software, Inc. Securities Litigation</u>: Rejection Notice

Dear Claimant:

We have processed your claim in accordance with the Court approved Plan
of Allocation for the Mercator Software, Inc. Securities Litigation.

We have determined that you have no Net Allowable Loss due to the
following reason(s):

    Your relevant securities transactions did not result
    in a Recognized Loss under the Court approved Plan of
    Allocation.

Based upon the statement as set forth above, we will recommend to the
Court that your claim be DISALLOWED and REJECTED.

If you think the above determination by the Claims Administrator is
incorrect, you may request Court Review of the administrative
determination within 20 days of the date of this letter, by sending a
statement in writing asking for a "Court Review", and setting forth the
reasons that you believe the administrative determination is incorrect.
Your written statement will thereafter be submitted to the Court for
consideration.  Requests for Court Review should be submitted on or
before July 23, 2003 and should be addressed to:


        <u>Mercator Software, Inc. Securities Litigation</u>
                Attn: Sandra Butler
                P. O. Box 8040
                San Rafael, CA  94912-8040



Very truly yours,

Claims Administration Center

CLAIMS ADMINISTRATION CENTER
POST OFFICE BOX 8040
SAN RAFAEL, CALIFORNIA 94912-8040

July 3, 2003



Claim Nbr: ███████████
Taxpayer ID: ███████████

Re: <u>Mercator Software, Inc. Securities Litigation</u>: Rejection Notice

Dear Claimant:

We have processed your claim in accordance with the Court approved Plan of Allocation for the Mercator Software, Inc. Securities Litigation.

We have determined that you have no Net Allowable Loss due to the following reason(s):

> Your claim did not set forth any information regarding purchases of Mercator Software Inc. common stock during the class period April 20, 2000 through August 21, 2000 inclusive.

Based upon the statement as set forth above, we will recommend to the Court that your claim be DISALLOWED and REJECTED.

If you think the above determination by the Claims Administrator is incorrect, you may request Court Review of the administrative determination within 20 days of the date of this letter, by sending a statement in writing asking for a "Court Review", and setting forth the reasons that you believe the administrative determination is incorrect. Your written statement will thereafter be submitted to the Court for consideration.  Requests for Court Review should be submitted on or before July 23, 2003 and should be addressed to:

<u>Mercator Software, Inc. Securities Litigation</u>
Attn: Sandra Butler
P. O. Box 8040
San Rafael, CA   94912-8040

Very truly yours,

Claims Administration Center