UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------x
                                        :
IN RE MERCATOR SOFTWARE, INC.           :   Master File No.
SECURITIES LITIGATION,                  :   3:00-CV-1610 (GLG)
                                        :
----------------------------------------:
                                        :
This Document Relates to:               :
All Actions                             :
                                        :
                                        :
----------------------------------------x

FILED
DEC 17  4 37 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on December 20, 2002, this Court entered an Order of Final Approval, Settlement Fairness, Final Judgment and Order of Dismissal approving the terms of the Stipulation of Settlement, Compromise, and Dismissal dated October 22, 2002 (the "Stipulation") in the above-referenced class action; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the affidavit of D. Lee Janvrin of Gilardi & Co. LLC, the Claims Administrator, the affidavit of Sanford P. Dumain of Milberg Weiss Bershad Hynes & Lerach LLP, one of Plaintiffs' Co-Lead Counsel, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of D. Lee Janvrin, including claims submitted after January 27, 2003 up until October 29, 2003, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of D. Lee Janvrin be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Gilardi & Co. LLC be paid the sum of $136,392 from the Settlement Fund for its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notice to the Class, processing the Proofs of Claim, and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

**ORDERED**, that the Certified Public Accounting firm of Eisner LLP, the tax accountants for the Settlement Fund, be paid the sum of $3,500 from the Settlement Fund for its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the taxation of the Settlement Fund herein for the years 2002 and 2003; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of D. Lee Janvrin in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after appropriate efforts have been made to have the eligible claimants cash their checks, Plaintiffs' Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to eligible claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted

3

herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after October 29, 2003 may be accepted for any reason whatsoever.

Dated:        Waterbury, Connecticut
              December 11, 2003

                                            **BY THE COURT:**


                                            United States District Judge